Nick WILSON *v.* ARKANSAS PUBLIC
SERVICE COMMISSION

82-239                                      648 S.W.2d 63

Supreme Court of Arkansas
Opinion delivered March 21, 1983

Appellant, *pro se.*

*Linda B. Lipe,* Arkansas Public Service Commission, for appellee.

*McHenry, Skipper & Barns,* by: *Robert M. McHenry, Jr.,* for intervenor, Carolyn Pollan.

RICHARD B. ADKISSON, Chief Justice. The Pulaski County Circuit Court affirmed the order of appellee, Arkansas Public Service Commission, which allowed Arkansas Oklahoma Gas Company to charge its customers in Eastern Arkansas more than its customers in Western Arkansas and denied the request of appellant, Nick Wilson, to equalize the rates between the two areas. On appeal we affirm.

Arkansas Oklahoma Gas Co. (AOG) serves customers in both Eastern and Western Arkansas. There are 35,435 customers in the Western Division and 3,666 in the Eastern Division. AOG purchases the gas it sells to Eastern Arkansas from the Mississippi River Transmission Company, and the cost of this gas is much higher than AOG's own gas. The more expensive gas must be purchased for Eastern Arkansas because AOG is unable to transport its gas supplies in Western Arkansas to Eastern Arkansas. The cost differential results in Eastern Arkansas customers paying about $80 more per year for gas than those customers in Western Arkansas.

On December 1, 1980, AOG requested that the PSC grant it a general rate increase for its service to Arkansas. Under the rate increase Eastern Arkansas would continue paying higher rates. Appellant filed a motion to intervene in the case, alleging that the separate rates allowed an unreasonable preference between localities and requesting that the rates be equalized. According to appellant, equalization would result in Eastern Arkansas customers paying substantially less per year while Western Arkansas customers would pay only a small amount more per year. The PSC allowed appellant to intervene and also allowed intervention by Western Arkansas customers. A hearing was held, with both sides presenting testimony. The PSC then ruled that there was a real cost differential between the two areas and that the cost differential was based upon a reasonable and fair difference in conditions which justified the different rates.

Appellant argues that the Commission's order violates Ark. Stat. Ann. § 73-207 (Repl. 1979) which provides:

Unreasonable preference prohibited. — No public utility shall, as to rates or services, make or grant any unreasonable preference or advantage to any corporation or person or subject any corporation or person to any unreasonable prejudice or disadvantage. No public utility shall establish or maintain any unreasonable difference as to rates or services either as between localities or as between classes of service. The Department [Commission] may, in the exercise of its jurisdiction herein granted, fix uniform rates applicable throughout the territory served by any public utility, whenever in its judgment public interest requires such uniform rates. The Department [Commission] may determine any question of fact arising under this section.

Appellant agrees that the cost of gas purchased from the Mississippi River Transmission Company for the Eastern Division is a separate cost incurred only in connection with that area, but alleges that a difference in the cost of gas is not a reasonable basis for charging one group of ratepayers more than other ratepayers. Appellant relies on *Missouri Ex rel.*

*De Paul Hospital School of Nursing* v. *Missouri Public Service Comm.*, 88 P.U.R. 3rd 412, 464 S.W.2d 737 (1970) for the proposition that a utility cannot charge two or more rates for the same service. Appellant ignores the fact that the utility company in that case charged different rates for substantially the same service "under substantially the same circumstances and conditions." Here, the circumstances and conditions upon which AOG's rates are based are not the same. It is undisputed that AOG must pay a base price of $2.521778 for gas for the Eastern Division as compared to $1.879559 for the Western Division.

Furthermore, our statute does not prohibit differences in rates; it merely prohibits *unreasonable* rate differences. The PSC found that the base price of gas, the cost of transporting the gas, and the fact that the discontinuance of the differential would discriminate against the area having the lesser costs were reasonable differences which justified the higher cost for Eastern Arkansas. We have repeatedly held that if the PSC's order is supported by substantial evidence and is not arbitrary it is our duty to permit it to stand. *Inc. Town of Emerson* v. *Ark. Public Service Comm.*, 227 Ark. 20, 295 S.W.2d 778 (1956). Such is the case here.

In support of its equalization argument appellant points to the fact that AOG equalizes its Western Arkansas rates, even though it obtains gas for five towns from Arkla. This is true, but appellant overlooks the fact that the gas from Arkla is obtained pursuant to a swapping arrangement which does not affect the cost.

To further support its argument, appellant alleges that with PSC approval Arkla equalizes its rates in Arkansas even though it too must purchase more expensive gas for nine cities in Southwest Arkansas. However, the PSC is not required to make the same decision in every rate case, but must take into consideration the particular circumstances of each case. *See Southwestern Bell Telephone Co.* v. *Ark. Public Service Comm.*, 267 Ark. 550, 593 S.W.2d 434 (1980).

Affirmed.

DUDLEY, J., not participating.